1  LARIVIERE, GRUBMAN & PAYNE, LLP
   Robert W. Payne, Esq. (CA Bar No. 073901)
2  Nicole A. Smith, Esq. (CA Bar No. 243823)
   P.O. Box 3140
3  19 Upper Ragsdale Drive, Suite 200
   Monterey, CA 93942-3140
4  Telephone:   (831) 649-8800
   Facsimile:   (831) 649-8835
5
   Attorneys for Plaintiff
6  ONE PASS WATER BLADE, LLC

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12  ONE PASS WATER BLADE, LLC,        )   Case No. C 06-00809 MEJ MED
                                      )
13              Plaintiff,            )   **STIPULATED PROTECTIVE**
                                      )   **ORDER**
14       vs.                          )
                                      )
15  SUN-MATE CORPORATION,             )
    a California corporation; and DOES 1  )
16  through 50, inclusive,            )
                                      )
17              Defendants.           )
                                      )

18

19

20
        1.  PURPOSES AND LIMITATIONS
21
22       Disclosure and discovery activity in this action are likely to involve production of

23  confidential, proprietary, or private information for which special protection from public

24  disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

25
    Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated
26
27  Protective Order. The parties acknowledge that this Order does not confer blanket protections on

28  all disclosures or responses to discovery and that the protection it affords extends only to the

STIPULATED PROTECTIVE ORDER
Case No. C06-00809 MEJ MED
                                  - 1 -

1   limited information or items that are entitled under the applicable legal principles to treatment as

2   confidential. The parties further acknowledge, as set forth in Section 10, below, that this

3   Stipulated Protective Order creates no entitlement to file confidential information under seal;

4
5   Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

6   that will be applied when a party seeks permission from the court to file material under seal.

7       2.   DEFINITIONS

8           2.1     Party: any party to this action, including all of its officers, directors,

9
10  employees, consultants, retained experts, and outside counsel (and their support staff).

11          2.2     Disclosure or Discovery Material: all items or information, regardless of

12  the medium or manner generated, stored, or maintained (including, among other things, testimony,

13  transcripts, or tangible things) that are produced or generated in disclosures or responses to

14  discovery in this matter.

15          2.3     "Confidential" Information or Items:  information (regardless of how

16
17  generated, stored or maintained) or tangible things that qualify for protection under standards

18  developed under F.R.Civ.P. 26(c).

19          2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items:

20  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or

21
22  nonparty would create a substantial risk of serious injury that could not be avoided by less

23  restrictive means.

24          2.5     Receiving Party:  a Party that receives Disclosure or Discovery Material

25  from a Producing Party.

26          2.6     Producing Party:  a Party or non-party that produces Disclosure or

27
28  Discovery Material in this action.

STIPULATED PROTECTIVE ORDER
Case No. C06-00809 MEJ MED

- 2 -

1           2.7.    Designating Party:  a Party or non-party that designates information or items

2    that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

3    Confidential — Attorneys' Eyes Only."

4

5           2.8    Protected Material:  any Disclosure or Discovery Material that is designated

6    as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

7           2.9.    Outside Counsel:  attorneys who are not employees of a Party but who are

8    retained to represent or advise a Party in this action.

9
       2.10    House Counsel: attorneys who are employees of a Party.
10

11          2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well

12   as their support staffs).

13          2.12    Expert: a person with specialized knowledge or experience in a matter

14   pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

15   witness or as a consultant in this action and who is not a past or a current employee of a Party or

16

17   of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

18   employee of a Party or a competitor of a Party's. This definition includes a professional jury or

19   trial consultant retained in connection with this litigation.

20
       2.13    Professional Vendors: persons or entities that provide litigation support
21

22   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

23   organizing, storing, retrieving data in any form or medium; etc.) and their employees and

24   subcontractors.

25      3.  SCOPE

26
       The protections conferred by this Stipulation and Order cover not only Protected Material
27

28   (as defined above), but also any information copied or extracted therefrom, as well as all copies,

STIPULATED PROTECTIVE ORDER
Case No. C06-00809 MEJ MED

- 3 -

1  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

2  parties or counsel to or in court or in other settings that might reveal Protected Material.

3      4.   DURATION

4
5      Even after the termination of this litigation, the confidentiality obligations imposed by this

6  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

7  otherwise directs.

8      5.   DESIGNATING PROTECTED MATERIAL

9      5.1   Exercise of Restraint and Care in Designating Material for Protection. Each

10
11  Party or non-party that designates information or items for protection under this Order must take

12  care to limit any such designation to specific material that qualifies under the appropriate

13  standards. A Designating Party must take care to designate for protection only those parts of

14  material, documents, items, or oral or written communications that qualify – so that other portions

15
16  of the material, documents, items, or communications for which protection is not warranted are

17  not swept unjustifiably within the ambit of this Order.

18      Mass, indiscriminate, or routinized designations are prohibited. Designations that are

19  shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

20  unnecessarily encumber or retard the case development process, or to impose unnecessary

21
22  expenses and burdens on other parties), expose the Designating Party to sanctions.

23      If it comes to a Party's or a non-party's attention that information or items that it

24  designated for protection do not qualify for protection at all, or do not qualify for the level of

25  protection initially asserted, that Party or non-party must promptly notify all other parties that it is

26  withdrawing the mistaken designation.

27

28

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for

STIPULATED PROTECTIVE ORDER
Case No. C06-00809 MEJ MED

protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)  for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

1   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

2   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the

3   information or item warrant protection, the Producing Party, to the extent practicable, shall

4
5   identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

6   Confidential – Attorneys' Eyes Only."

7           5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

8   designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

9   Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection
10
11  under this Order for such material. If material is appropriately designated as "Confidential" or

12  "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the

13  Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

14  that the material is treated in accordance with the provisions of this Order.

15
        6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS
16

17          6.1   Timing of Challenges. Unless a prompt challenge to a Designating Party's

18  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

19  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

20  waive its right to challenge a confidentiality designation by electing not to mount a challenge

21
    promptly after the original designation is disclosed.
22

23          6.2   Meet and Confer. A Party that elects to initiate a challenge to a Designating

24  Party's confidentiality designation must do so in good faith and must begin the process by

25  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

26  with counsel for the Designating Party. In conferring, the challenging Party must explain the basis
27
28  for its belief that the confidentiality designation was not proper and must give the Designating

STIPULATED PROTECTIVE ORDER
Case No. C06-00809 MEJ MED

- 7 -

1  Party an opportunity to review the designated material, to reconsider the circumstances, and, if no

2  change in designation is offered, to explain the basis for the chosen designation. A challenging

3  Party may proceed to the next stage of the challenge process only if it has engaged in this meet

4  and confer process first.

5

6      6.3  Judicial Intervention. A Party that elects to press a challenge to a

7  confidentiality designation after considering the justification offered by the Designating Party may

8  file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

9  applicable) that identifies the challenged material and sets forth in detail the basis for the

10  challenge. Each such motion must be accompanied by a competent declaration that affirms that

11  the movant has complied with the meet and confer requirements imposed in the preceding

12  paragraph and that sets forth with specificity the justification for the confidentiality designation

13  that was given by the Designating Party in the meet and confer dialogue.

14

15      The burden of persuasion in any such challenge proceeding shall be on the

16  Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

17  material in question the level of protection to which it is entitled under the Producing Party's

18  designation.

19

20      7.  ACCESS TO AND USE OF PROTECTED MATERIAL

21

22      7.1  Basic Principles. A Receiving Party may use Protected Material that is

23  disclosed or produced by another Party or by a non-party in connection with this case only for

24  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

25  disclosed only to the categories of persons and under the conditions described in this Order. When

26  the litigation has been terminated, a Receiving Party must comply with the provisions of section

27  11, below (FINAL DISPOSITION).

28

1      Protected Material must be stored and maintained by a Receiving Party at a

2   location and in a secure manner that ensures that access is limited to the persons authorized under

3   this Order.

4
       7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

5
6   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

7   disclose any information or item designated CONFIDENTIAL only to:

8          (a)  the Receiving Party's Outside Counsel of record in this action, as well

9   as employees of said Counsel to whom it is reasonably necessary to disclose the information for
10
    this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is
11
12  attached hereto as Exhibit A;

13          (b)  the officers, directors, and employees (including House Counsel) of the

14  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

15  signed  the "Agreement to Be Bound by Protective Order" (Exhibit A);
16
17          (c)   experts (as defined in this Order) of the Receiving Party to whom

18  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

19  Bound by Protective Order" (Exhibit A);

20          (d)  the Court and its personnel;
21
22          (e)  court reporters, their staffs, and professional vendors to whom

23  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

24  Bound by Protective Order" (Exhibit A);

25          (f)  during their depositions, witnesses in the action to whom disclosure is

26  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"
27
28  (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal

STIPULATED PROTECTIVE ORDER
Case No. C06-00809 MEJ MED
                                        - 9 -

1  Protected Material must be separately bound by the court reporter and may not be disclosed to

2  anyone except as permitted under this Stipulated Protective Order.

3              (g)  the author of the document or the original source of the information.

4
5          7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

6  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

7  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

8  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

9              (a)  the Receiving Party's Outside Counsel of record in this action, as well
10
11  as employees of said Counsel to whom it is reasonably necessary to disclose the information for

12  this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

13  attached hereto as Exhibit A;

14              (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably
15
16  necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective

17  Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have

18  been followed;

19              (c)  the Court and its personnel;

20              (d)  court reporters, their staffs, and professional vendors to whom
21
22  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

23  Bound by Protective Order" (Exhibit A); and

24              (e)  the author of the document or the original source of the information.

25          7.4   Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL -
26
27  ATTORNEYS' EYES ONLY" Information or Items to "Experts"

28              (a)  Unless otherwise ordered by the court or agreed in writing by the

STIPULATED PROTECTIVE ORDER
Case No. C06-00809 MEJ MED
- 10 -

1  Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

2  information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

3  EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

4
5  specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to

6  disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her

7  primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

8  current employer(s), (5) identifies each person or entity from whom the Expert has received

9
10  compensation for work in his or her areas of expertise or to whom the expert has provided

11  professional services at any time during the preceding five years, and (6) identifies (by name and

12  number of the case, filing date, and location of court) any litigation in connection with which the

13  Expert has provided any professional services during the preceding five years.

14                    (b)   A Party that makes a request and provides the information specified in

15
16  the preceding paragraph may disclose the subject Protected Material to the identified Expert

17  unless, within seven court days of delivering the request, the Party receives a written objection

18  from the Designating Party. Any such objection must set forth in detail the grounds on which it is

19  based.

20                    (c)   A Party that receives a timely written objection must meet and confer

21
22  with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

23  agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may

24  file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

25  applicable) seeking permission from the court to do so. Any such motion must describe the

26  circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert

27
28  is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any

STIPULATED PROTECTIVE ORDER
Case No. C06-00809 MEJ MED

- 11 -

1  additional means that might be used to reduce that risk. In addition, any such motion must be

2  accompanied by a competent declaration in which the movant describes the parties' efforts to

3  resolve the matter by agreement (i.e., the extent and the content of the meet and confer

4
5  discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

6  approve the disclosure.

7       In any such proceeding the Party opposing disclosure to the Expert shall

8  bear the burden of proving that the risk of harm that the disclosure would entail (under the

9  safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

10
11  its Expert.

12       8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

13  OTHERLITIGATION.

14       If a Receiving Party is served with a subpoena or an order issued in other

15
16  litigation that would compel disclosure of any information or items designated in this action as

17  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

18  Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately

19  and in no event more than three court days after receiving the subpoena or order. Such notification

20  must include a copy of the subpoena or court order.

21
22       The Receiving Party also must immediately inform in writing the Party who

23  caused the subpoena or order to issue in the other litigation that some or all the material covered

24  by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party

25  must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action

26  that caused the subpoena or order to issue.

27
28       The purpose of imposing these duties is to alert the interested parties to the

STIPULATED PROTECTIVE ORDER
Case No. C06-00809 MEJ MED

1  existence of this Protective Order and to afford the Designating Party in this case an opportunity

2  to try to protect its confidentiality interests in the court from which the subpoena or order issued.

3  The Designating Party shall bear the burdens and the expenses of seeking protection in that court

4
5  of its confidential material – and nothing in these provisions should be construed as authorizing or

6  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

7      9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

9  Protected Material to any person or in any circumstance not authorized under this Stipulated
10
11  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party

12  of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected

13  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

14  terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

15  Agreement to Be Bound" that is attached hereto as Exhibit A.
16
17      10.  FILING PROTECTED MATERIAL  Without written permission from the

18  Designating Party or a court order secured after appropriate notice to all interested persons, a

19  Party may not file in the public record in this action any Protected Material. A Party that seeks to

20  file under seal any Protected Material must comply with Civil Local Rule 79-5.
21
22      11.  FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the

23  Producing Party, within sixty days after the final termination of this action, each Receiving Party

24  must return all Protected Material to the Producing Party. As used in this subdivision, "all

25  Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

26  reproducing or capturing any of the Protected Material. With permission in writing from the
27
28  Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

STIPULATED PROTECTIVE ORDER
Case No. C06-00809 MEJ MED

- 13 -

1   of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must

2   submit a written certification to the Producing Party (and, if not the same person or entity, to the

3   Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the

4
5   Protected Material that was returned or destroyed and that affirms that the Receiving Party has not

6   retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing

7   any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an

8   archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or

9   attorney work product, even if such materials contain Protected Material. Any such archival
10
11  copies that contain or constitute Protected Material remain subject to this Protective Order as set

12  forth in Section 4 (DURATION), above.

13              12.  MISCELLANEOUS

14              12.1   Right to Further Relief. Nothing in this Order abridges the right of
15
16  any person to seek its modification by the Court in the future.

17              12.2   Right to Assert Other Objections.  By stipulating to the entry of this

18  Protective Order no Party waives any right it otherwise would have to object to disclosing or

19  producing any information or item on any ground not addressed in this Stipulated Protective

20  Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of
21
22  the material covered by this Protective Order.

23              12.3   Right to Move for Change of Venue. This stipulation shall not be

24  construed to waive defendant's claim to have venue transferred from the Northern District of

25  California to the Central California District or to have the motion thereon heard on its merits.
26
27
28

STIPULATED PROTECTIVE ORDER
Case No. C06-00809 MEJ MED

- 14 -

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September _11_, 2006    LARIVIERE, GRUBMAN & PAYNE, LLP

By: _____
   Robert W. Payne
   Attorneys for Plaintiff
   One Pass Water Blade, LLC

LAW OFFICES OF KENNETH D. ROBIN

Dated: September _14_, 2006

By:_____
   Kenneth D. Robin
   Attorneys for Defendant
   Sun-Mate Corporation

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: September 20, 2006 _____

Honorable Marie-E.....
United S........... ......dge

Judge Maria-Elena James

STIPULATED PROTECTIVE ORDER
Case No. C06-00809 MEJ MED

- 15 -

1

2

3       **EXHIBIT A**

4

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

5

I, _____ [print or type full name], of _____ [print

or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on _____ [date] in the case of ONE PASS WATER

BLADE, LLC v. SUN-MATE CORPORATION and DOES 1 THROUGH 50, Case No. C 06-

0809 MEJ. I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date: _____
City and State where sworn and signed: _____
Printed name: _____
[printed name]
Signature: _____
[signature]

STIPULATED PROTECTIVE ORDER
Case No. C06-00809 MEJ MED
                                              - 16 -