IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONE PASS WATER BLADE, LLC, | No. C 06-0809 MEJ |
| Plaintiff(s), | |
| vs. | **ORDER DENYING DEFENDANT'S MOTION TO CHANGE VENUE** |
| SUN-MATE CORPORATION, etc., et al., | |
| Defendant(s). | |

## I. INTRODUCTION

This dispute concerns claims for patent infringement of a water blade drying invention, breach of a settlement agreement, and claims under the Lanham Act. Currently pending before the court is defendants' Motion for Change of Venue, filed on June 27, 2006. After careful consideration of the parties' papers, relevant statutory and case law authority, and good cause appearing, the court hereby DENIES defendant's motion for the reasons set forth below.

## II. BACKGROUND

**A. Factual Background**

The evidence submitted by the parties in this action indicates the following:

This dispute began in May of 2005. (Decl. Robert Payne ¶ 1.) On May 31, 2005, plaintiff filed an action in this district alleging patent infringement. *Id.* On September 15, 2005, a settlement agreement was reached. *Id.* ¶ 2. On October 10, 2005, the parties signed a stipulation for dismissal

of the action. *Id*. ¶ 3.

In January of 2006, plaintiff's counsel noticed an offering of a water wiper blade at the Consumer Electronic Show in Las Vegas, Nevada which appeared to both infringe plaintiff's patents and breach the settlement agreement. *Id*. ¶ 5. At that show, defendant claims to have shown hand-made sample of products containing the "Wipe-N-Dry" trademark, which was specifically redesigned to avoid all claims of Patents at issue. (Decl. Rami Benmoshe ¶ 4.)

According to plaintiff, defendant sold and offered for sale infringing products within the Northern District of California.(Decl. Robert Payne ¶ 6.) On January 25, 2006, plaintiff purchased defendant's "Wipe-N-Dry" waterblade. *Id*. On January 31, 2006, plaintiff's counsel also purchased the alleged infringing water blade. *Id*. ¶ 7. Both of these items were purchased through Target.com. *Id*. ¶¶ 6-7; Exhibit C-1; Exhibit C-2.

Defendant dispute this fact. Defendant claims that since September 15, 2005, it has not sold or offered for sale any product covered under the patents in dispute. (Decl. Rami Benmoshe ¶ 3-4.) Defendant sent the hand-made sample products to plaintiff's counsel. *Id*. ¶ 5. No quantities of the re-designed invention have been sold. *Id*.

On July 10, 2006, plaintiff's counsel entered defendant's Internet-based sales website. (Decl. Robert Payne ¶ 8.) Plaintiff's counsel attached documentation showing consumers ability to purchase various items on defendant's website. *Id*.; Exhibit D-1; Exhibit D-2; Exhibit D-3. Defendant, however, maintains that none of the products available for purchase on the website deal with the Wipe-N-Dry waterblade or the patents at issue. (Defendant's Reply at 2-3.) According to defendant, the sales from the retail store, Target, were sold by Sun-Mate before the settlement. (Def. Reply at 2.)

Defendant is incorporated in the State of California with all its facilities in Canoga Park, California. (Decl. Rami Benmoshe ¶ 6; Decl. Robert Payne ¶ 7.) Defendant has no mailing address, bank account, telephone number, property, sales agents, or customers within the Northern District. ((Decl. Rami Benmoshe ¶ 7.) Accordingly, defendant requests a change of venue to the Central District of California.

2

**B.     Procedural Background**

On May 31, 2005, Plaintiff filed an action in this district alleging patent infringement.

On September 15, 2005, a settlement agreement was reached.

On October 10, 2005, the parties signed a stipulation for dismissal of the action.

On February 6, 2006, Plaintiff initiated a second action against Defendants alleging patent infringement.

On June 27, 2006, Defendant filed a Motion for Change of Venue, as well as the Declaration of Rami Benmoshe in support thereof.

On July 12, 2006, Plaintiff filed an Opposition to Defendant's motion, as well as the Declaration of Robert W. Payne in support therof.

On July 18, 2006, Defendant filed a Reply.

On August 1, 2006, this matter was referred to the Honorable Phyllis J. Hamilton for the purpose of considering whether this case was related to case no. 05-3535.

On August 4, 2006, the Honorable Phyllis J. Hamilton determined that the cases were not related.

On August 10, 2006, this Court determined that a hearing on Defendant's Motion for Change of Venue was unnecessary.

### III.     DISCUSSION

**A.     Applicable Standard**

Defendant's arguments suggest that the Northern District is an improper venue and the only appropriate venue is the Central District. A motion to transfer venue presupposes that venue is proper and transfer is based upon a more convenient forum. In essence, defendant's motion for transfer of venue seems to be a motion to dismiss. Therefore, the court will construe defendant's motion as a motion to dismiss.

A civil action in which subject matter jurisdiction is based in part upon a federal question may be "brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise

3

to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  For purposes of venue, a corporate defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction. 28 U.S.C. § 1391(c).

28 U.S.C. § 1400(b) is a specific venue statute applicable to patent suits.  Section 1391 and 1400 are meant to be read together. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1580 (Fed. Cir.1990).  Under the patent venue statute, 28 U.S.C. § 1400(b) is proper only in "any judicial district where the defendant resides" or alternatively, "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

**B      Application to the Case at Bar**

According to defendant, the proper venue is the Central District of California since he lives and "resides" in that district.  (Def. Motion at 4.)  For purposes of the venue statute a corporate defendant "resides" in any judicial district in which it is subject to personal jurisdiction. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (1990); *Dart Int'l, Inc., v. Interactive Target Sys., Inc*., 877 F.Supp. 541, 546 (D.Colo.1995); *see also OpenLCR.com, Inc. v. Rates Technology, Inc*. 112 F.Supp.2d 1223, 1230 (D.Colo.2000).

There are two independent limitations on a court's power to exercise personal jurisdiction over a non-resident defendant: the applicable State personal jurisdiction rule and constitutional principles of due process. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.1990); *Data Disc*, 557 F.2d at 1286. California's jurisdictional statute is co-extensive with federal due process requirements; therefore, jurisdictional inquiries under State law and federal due process standards merge into one analysis. *Rano v.. Sipa Press, Inc.*, 987 F.2d 580, 587 (9th Cir.1993).

The exercise of jurisdiction over a non-resident defendant violates the protections created by the due process clause unless the defendant has "minimum contacts" with the forum State so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."

4

*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Personal jurisdiction may be either general or specific.

General jurisdiction exists where the defendant's contacts with the forum State are so substantial or continuous and systematic that jurisdiction exists even if the cause of action is unrelated to those contacts. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc*., 223 F.3d 1082, 1086 (9th Cir.2000).  The standard for establishing general jurisdiction is "fairly high." *Id*.; *Brand v.. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir.1986).  The defendant's contacts must approximate physical presence in the forum State. *Schwarzenegger*, 374 F.3d at 801.  Factors considered in evaluating the extent of contacts include whether the defendant makes sales, solicits or engages in business, designates an agent for service of process, holds a license, or is incorporated in the forum State. *Bancroft & Masters*, 223 F.3d at 1086.

Specific jurisdiction exists where the cause of action arises out of or relates to the defendant's activities within the forum. *Data Disc*, 557 F.2d at 1286.  Specific jurisdiction is analyzed using a three-prong test: (1) the non-resident defendant must purposefully direct its activities or consummate some transaction with the forum or a resident thereof; or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir.1987). Each of these conditions is required for asserting jurisdiction. *Insurance Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1270 (9th Cir.1981).

A showing that a defendant "purposefully availed" itself of the privilege of doing business in a forum State typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there. *Schwarzenegger*, 374 F.3d at 802.  The requirement of purposeful availment ensures that the defendant should reasonably anticipate being halled into the forum State court based on its contacts. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The purposeful availment test is met where "the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents." *Ballard*, 65

5

F.3d at 1498.

The second factor requires that the claim arise out of or result from the defendant's forum-related activities. A claim arises out of a defendant's conduct if the claim would not have arisen "but for" the defendant's forum-related contacts. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir.1998).

Once the plaintiff has satisfied the first two factors, the defendant bears the burden of overcoming a presumption that jurisdiction is reasonable by presenting a compelling case that specific jurisdiction would be unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985); *Haisten v. Grass Valley Medical Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir.1986). Seven factors are considered in assessing whether the exercise of jurisdiction over a non-resident defendant is reasonable: (1) the extent of the defendant's purposeful interjection into the forum State's affairs, (2) the burden on the defendant, (3) conflicts of law between the forum State and the defendant's home jurisdiction, (4) the forum State's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the dispute, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir.1995); *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir.1991).

*1. Whether general jurisdiction exists over defendant*

Clearly California has general jurisdiction over defendant because he is physically present in the forum state. The question is whether general jurisdiction exists over defendant in order to bring suit in the Northern District of California. Defendant's products have been sold in the Northern District. Defendant disputes whether the alleged "infringing" product has been sold in the Northen District since the settlement agreement with plaintiff was entered. The court will not look into the merits of the infringement allegations and determine whether an alleged infringing product was sold in the Northern District since the settlement agreement. Plaintiff purchased the alleged infringing product in the Northern District. Plaintiff purchased the alleged infringing product over the internet through Target.com. In addition, defendant maintains an internet site accessible for consumers in the Northern District. It is a close question whether these activities taken together amount to

6

1 physical presence in the Northern District.

2     *2. Whether specific jurisdiction exists over defendant*

3     Plaintiff also asserts the court has specific jurisdiction over defendant. This cause of action
4 directly relates to defendant's activities with a resident. Defendant sold an alleging infringing
5 product to plaintiff. Again, the court will not look into the merits of whether this product was sold
6 before or after the settlement. Whether defendant's new invention infringes on plaintiff's patents is a
7 separate issue. Through defendant's acts, it has purposefully availed itself of the privilege of
8 conducting activities in the Northern District, thereby invoking the benefits and protections of its
9 laws. This claim is the result of the defendant's forum-related activities.

10     Whether the exercise of jurisdiction is reasonable is a close question. Defendant bears the
11 burden of overcoming a presumption that jurisdiction is reasonable by presenting a compelling case
12 that specific jurisdiction would be unreasonable. According to Benmoshe's declaration, defending a
13 suit in the Northern District would be burdensome on the company. However, the court was not
14 given enough information to decide this issue. Without further information, defendant's has failed to
15 meet its burden. Accordingly, the court hereby denies defendant's motion.

16 **C.**     **Change of Venue**

17     Motions to transfer venue are governed by 28 U.S.C. § 1404(a). 28 U.S.C. 1404(a) states:
18 "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer
19 any civil action to any other district or division where it might have been brought." 28 U.S.C. §
20 1404(a). The purpose of section 1404(a) is to prevent the waste of 'time energy and money' and to
21 protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Lynch v.*
22 *Vanderhoef Builders,* 237 F. Supp.2d 615, 617-618 (D.MD. 2002); *Central Sports Army Club v.*
23 *Arena Associates,* Inc. 952 F. Supp. 181, 189 (S.D.N.Y 1997). Under section 1404(a), the district
24 court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case
25 consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498 (9th
26 Cir. 2000).

27     Under section 1404(a), the moving party has the burden of showing that the balance of

28

7

conveniences weighs heavily in favor of the transfer in order to overcome the strong presumption in favor of the plaintiff's choice of forum. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981).

In order to support a motion to transfer venue, the moving party must show that the forum to which they seek transfer is a forum in which the action originally might have been brought. *See Hoffman v.. Blaski*, 363 U.S. 335, 344 (1960). In addition, the transfer must be for the convenience of the parties and witnesses and in the interests of justice. *See Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc*., 179 F.R.D. 264, 269 (C.D.Cal.1998) (citing *Arley v. United Pac. Ins. Co.*, 379 F.2d 183, 185 (9th Cir.1969)). This Circuit set forth several considerations that can be used in weighing these factors. These include: 1) plaintiff's choice of forum, 2) convenience of the parties, 3) convenience of the witnesses, 4) ease of access to the evidence, 5) familiarity of each forum with the applicable law, 6) feasibility of consolidation of other claims, 7) any local interest in the controversy, and 8) the relative court congestion and time of trial in each forum. *Carolina Caualty Co. v. Date Broadcasting Corp*., 158 F.Supp.2d 1044, 1048 ( N.D. Cal. 2001); *Royal Queentex Enterprises Inc. v. Sara Lee Corporation*, 2000 WL 246599 at *2 (N.D. Cal. 2000) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)); *Linear Technology Corp. v. Analog Devices, Inc*., 1995 WL 225672,1 (N.D.Cal.1995); *Teknekron Software Systems, Inc. v. Cornell University*, 1993 WL 215024,7 (N.D.Cal.1993).

Since these factors were not addressed by plaintiff, the court hereby denies the motion without prejudice.  Plaintiff may bring a motion with the above mentioned factors in mind, and convince the court that the Central District is a more convenient forum.

## IV.  CONCLUSION

Based on the analysis above, the Court hereby DENIES defendants motion to change venue..

**IT IS SO ORDERED.**

Dated: October 2, 2006

MARIA-ELENA JAMES
United States Magistrate Judge